JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00024-SHK | Date: | March 17, 2025 |
| Title: | Roberto Garcia v. Adriana's Insurance Services, Inc. | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER RE NOTICE OF SETTLEMENT**

      On March 13, 2025, the Court received a Notice of Settlement ("Settlement Notice") filed by Defendant Adriana's Insurance Services, Inc. ("Defendant").  Electronic Case Filing Number ("ECF No.") 14, Settlement Notice.  According to the Settlement Notice, Defendant and Plaintiff Roberto Garcia ("Plaintiff") "have settled all individual claims between them in this matter." Id. at 2.  "Within the next sixty (60) days, the parties expect to file a Stipulation of Dismissal with prejudice as to [Plaintiff's] individual claims and without prejudice as to any claims of the uncertified putative class members." Id.

      Accordingly, the Court ORDERS that: (1) all hearings and deadlines be **VACATED**; (2) in the interest of judicial economy, the action be **ADMINISTRATIVELY CLOSED**; and (3)  Plaintiff file an executed Stipulation of Dismissal of the entire action with prejudice once the settlement agreement is executed between the parties, but no later than **May 13, 2025**, with the understanding that Plaintiff may move to re-open the case if the settlement is not completed by the timeframe indicated in the Settlement Notice.  The Court retains full jurisdiction to vacate this Order and reopen this action upon request.  Such request must be supported by a showing of good cause why the settlement cannot be completed by date indicated above, and explain what further settlement processes are necessary and when the party or parties reasonably expect the process to be concluded.

      The Court expects the parties to finalize their settlement or else move to reopen the case for prosecution as ordered above. Should the parties file any document that contains a request to extend the deadline for purposes of completing the settlement, counsel for both parties shall submit **at least seven days before the deadline** a declaration with a detailed timeline of all the

efforts made to complete the settlement. The Court may hold a status conference with the parties regarding why the settlement could not be completed in the time allowed.

This Order does not preclude the filing of a notice of dismissal by Plaintiff or a joint stipulation of dismissal with prejudice, neither of which requires the approval of the Court. See Fed. R. Civ. P. 41(a)(1)(A).

**IT IS SO ORDERED.**